## THE J. E. POTTS.

### HOWARD TOWING ASS'N v. THE J. E. POTTS.

#### (District Court, N. D. Illinois. February 23, 1893.)

1. SALVAGE—LIEN—WAIVER—BURDEN OF PROOF.
   Where a lien for salvage has once attached, and notes are given for the salvage, the burden of proof is upon the party asserting that the notes were intended to detach the lien.

2. SAME—AMOUNT OF COMPENSATION—AGREEMENT.
   In the absence of proof to the contrary, the acceptance of such notes shows that the amount of the notes is the proper salvage.

In Admiralty. Libel by the Howard Towing Association against the barge J. E. Potts for salvage. Decree for libelant.

C. E. Kremer, for libelant.
W. H. Condon, for respondent.

GROSSCUP, District Judge. The libel in this case is for services rendered in pulling the barge Potts off the beach at North Fox island, in Lake Michigan. The claim is for $750, and a number of witnesses have testified that that, under the circumstances, would be a reasonable amount. The defense is that subsequent to the services the owner of the Potts entered into negotiations with the representatives of the libelants, which resulted in the execution of notes amounting to $600 in full payment of the services. The claim is also made that the delivery and aceptance of these notes operated as a waiver of libelant's lien upon the barge saved. The testimony respecting the execution of these notes, and their purpose, is limited to two witnesses. I can see no reason in their testimony why one should be given greater credence than the other. Where a lien for salvage has once attached, and notes have been given for the services, the burden of proof is upon the party alleging that these notes were intended to detach the lien to show that fact. Under this rule, I am of the opinion that the delivery and acceptance of these notes is not shown to have been intended to detach the lien.

I think, however, that the acceptance of these notes, in the absence of proof to the contrary, shows that the amount agreed upon is the proper salvage, and, accordingly, that the libelant's claim is limited to $600. The decree, therefore, will be in favor of the libelant for $600, with a lien upon the barge for its payment.